In the Matter of the Rehabilitation of BOND AND MORTGAGE GUARANTEE COMPANY.

CITY BANK FARMERS TRUST COMPANY, Appellant and Respondent.

GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of BOND AND MORTGAGE GUARANTEE COMPANY et al., Respondents and Appellants.   (Proceedings Nos. 1 and 2.)

(Argued June 2, 1936; decided July 8, 1936.)

454

*Edwin W. Cooney* and *Edward L. Hunt, Jr.*, for City Bank Farmers Trust Company, appellant and respondent.

*John F. Caskey, John R. McCullough* and *James B. McDonough, Jr.*, for George S. Van Schaick, Superintendent of Insurance, as rehabilitator of Bond and Mortgage Guarantee Company et al., respondents and appellants.

*Harry Rodwin, Joseph Lapidus, Jess H. Rosenberg* and *William A. Shea* for Louis H. Pink, Superintendent of Insurance, as liquidator of New York Title and Mortgage Company, *amicus curiæ.*

*Milton B. Ignatius, James M. Lown* and *Lauson H. Stone* for Mortimer N. Buckner et al., as a committee of creditors of Lawyers Mortgage Company, *amici curiæ.*

*Sherman S. Rogers* and *Joseph L. Callahan* for trustees of series C-2, *amici curiæ*.

*William A. Barber* and *Joseph Diehl Fackenthal* for William P. Clark et al., *amici curiæ*.

*Michael F. Dee, Morris Amchanitzky, Leonard B. Boudin* and *Benjamin J. Rabin* for Mortgage Commission of the State of New York, *amicus curiæ*.

CRANE, Ch. J. The questions which have been certified to us, in my judgment should not be answered, as the litigation is academic; in other words, there is no present issue to be decided. The Bond and Mortgage Guarantee Company at the time of these orders was in rehabilitation, not in liquidation — there is a marked distinction. In rehabilitation there are no claims to be presented and allowed; in liquidation, claims liquidated or contingent must be presented within a certain designated time. The case *Matter of New York Title & Mortgage Co.* (decided at Special Term, New York county, June 18, 1936) was a matter in liquidation, and even if the court's decision is correct, it has little or no application here. The order may come before us at a later day; until it does we should not pass upon the issues.

In this present case before us the City Bank Farmers Trust Company had a mortgage on the New York Polyclinic Medical School and Hospital, located at West Fiftieth street and Eighth and Ninth avenues, New York city. The bond which the mortgage secured was in the sum of $885,000. The Bond and Mortgage Guarantee Company had guaranteed the payment of interest, taxes and the payment of the principal " as soon as collected, but in no event later than eighteen months after it shall have become due and payment thereof shall have been demanded in writing."

The guarantee company failed to pay the trust company the semi-annual installment of interest of $23,437.50 when the same became due on August 20, 1933. On December 11, 1933, by petition and order to show cause, the trust company instituted this proceeding in the Additional Special Term of Kings county, requesting, among other things, that the court determine that petitioner had the right to terminate the contract for the exclusive agency embodied in the mortgage guaranteed policy, without prejudice to petitioner's rights thereunder. This is all the court should have decided. The City Bank Farmers Trust Company was entitled to take over its mortgage papers, terminate the agency of the guarantee company, and thereafter service its own mortgage dealing directly with the mortgagor. The court could impose no terms or conditions upon this right of termination. We so held and decided in *Matter of People (Lawyers Title & Guaranty Co.)* (265 N. Y. 20).

Of course in ending the agency and taking over its mortgage, the City Bank Farmers Trust Company relinquished none of its rights against the guarantee company for breach of contract, if any damage had been or was subsequently sustained. Neither did the guarantee company release any possible claim which it might have, or the defense it might have against an action for damages for breach of contract. These matters cannot and could not be determined until it was ascertained whether the petitioner had sustained any damage.

The parties in this proceeding have sought to have these rights and liabilities determined before the event, or before any damage has been sustained by the mortgagee. This should not be done by any declaratory judgment or order or in the form of terms or conditions upon which the mortgagee may terminate the agency and take over its own papers. We should not cross any bridges until we come to them or determine rights and liabilities until we can have all the facts before us. It may be that the mortgagee will never suffer any damage or make any claim for breach of contract. The mortgage has not been foreclosed nor the property sold. The mortgagee still holds the security, and at present can make no claim against the guarantee company, as there has been no determination that the mortgage is not good for the amount of the bond. Until there has been a foreclosure and sale of this property and a determination of the deficiency there can be no claim made upon the guarantor *as a going concern* for damages. (Insurance Law [Cons. Laws, ch. 28], § 402.) Remember, this would not be so if the guarantor were in liquidation. Sections 424 and 425 of the Insurance Law apply to liquidation proceedings. Section 424 provides for the presentation of claims against the insolvent. Section 425 relates to the proof of claim, subdivision 5 of which reads as follows:

" 5. No claim of any secured claimant shall be allowed at a sum greater than the difference between the value of the security and the amount for which the claim is allowed, unless the claimant shall surrender his security to the superintendent in which event the claim shall be allowed in the full amount for which it is valued."

There is nothing in article 11 of the Insurance Law which provides for such an order or orders as have been made in this case. The court could make an order directing the mortgage company to turn over the papers to the petitioner, but I do not see how or under what law it proceeds further. It could not grant

such a right upon condition, as the petitioner was entitled to his papers as a matter of right without any conditions. Nowhere do I find any authorization in article 11 for the fixing of the damage or the elements of the damage or declaration of the rights before actual loss has been determined. As said before, no claims are to be presented in rehabilitation proceedings. An action may be brought or a claim made for actual loss on a liquidated claim when it becomes due. We have no such claims here. The utmost that the Superintendent of Insurance desires is some statement of the rights of the parties by the court in a general way so that the department can determine whether to continue rehabilitation. The courts have no such function to perform. The guarantor was not in liquidation. It was a going concern, limited only in its activities while under the control of the Superintendent of Insurance. It was not liable to the mortgagee until there had been a foreclosure and sale of the property, and the loss, if any, determined. Surely the mortgagee now has the right to foreclose its mortgage or to extend it indefinitely. Suppose it forecloses today and is paid the full amount due. What possible claim can it have against the guarantor or the Superintendent of Insurance? To state this proposition is to show that this part of the proceeding is academic and asks us to decide a question not yet at issue.

Therefore, the order should be reversed, with the exception of the direction to the respondents to turn over the mortgage · papers to the mortgagee, permitting the mortgagee to service its own mortgage, and this without any terms or conditions. Further than this the orders and the provisions thereof are reversed, and the second and third questions not answered. The first question is answered in the affirmative, with the added statement that the right of credit or set-off, if any, cannot be determined in a rehabilitation proceeding until the damage resulting from breach of contract, if any, has been determined.

The orders should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.